UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jerry Miller, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 08 C 773 |
| v. | ) | |
| | ) | Judge Suzanne B. Conlon |
| City of Chicago, et al., | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

**DEFENDANT OFFICERS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Kenneth Fligelman, Phillip Mannion, and Thomas Whalen ("Defendant Officers"[1]), by their undersigned attorneys, hereby move this court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on each of plaintiff's claims asserted against them. In support of this motion, Defendant Officers state as follows:

1. Plaintiff's complaint alleges claims against the Defendant Officers as follows: (1) 42 U.S.C. § 1983 Fourteenth Amendment denial of fair trial (Count I), (2) malicious prosecution under Illinois law (Count V), and (3) intentional infliction of emotional distress under Illinois law (Count VI). Defendant Officers now move for summary judgement on each of these claims.

2. As to Count I, a plaintiff may bring a §1983 claim based on the denial of a fair trial where material exculpatory evidence was been withheld or fabricated in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Where a state remedy for malicious prosecution exists, as it does in Illinois, a plaintiff cannot sustain a denial of a fair trial claim absent a *Brady* violation. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001).

3. In order to establish a *Brady* violation, plaintiff must show three elements: "(1) the evidence at issue is favorable to the accused because it is either exculpatory or impeaching; (2) the evidence has been suppressed by the government, either willfully or inadvertently; and (3) the suppressed evidence resulted in prejudice." *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007).

4. "Prejudice exists if there is a reasonable probability that the suppressed evidence

---

[1] Plaintiff has voluntarily dismissed Gerald Mahon and Thomas Stevens.

would have produced a different verdict." *Harris*, 486 F.3d at 1014. In addition, a *Brady* violation "requires 'materiality' of the evidence withheld, which 'in the *Brady* context is the same thing as prejudice.'" *Id.*

5. Further, "[e]vidence is 'suppressed' when (1) the prosecution failed to disclose the evidence in time for the defendant to make use of it, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence." *Carvajal v. Dominguez, Jr.*, 542 F.3d 561, 567 (7th Cir. 2008).

6. Plaintiff's due process claim fails as a matter of law because the Defendant Officers did not withhold any material exculpatory evidence.

7. A *Brady* claim cannot extend to situations where the Section 1983 plaintiff was aware of the alleged misconduct involving the withholding of exculpatory evidence. *Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003), *overruled in part on other grounds by Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006). Since plaintiff was aware of the circumstances of: (1) his initial stop by police, (2) his arrest, and (3) his interrogation and detention, no such evidence can support a *Brady* claim.

8. Plaintiff cannot maintain a due process claim regarding a photo array that was shown to the rape victim in the hospital because: (1) it was not suppressed – *see Harris*, 486 F.3d at 1015; *Bielanski v. Count of Kane*, 550 F.3d 632, 645 (7th Cir. 2008); *United States v. Adams*, 834 F.2d 632, 635 (7th Cir. 1988); (2) it's potential exculpatory value is speculative – *see Harris*, 486 F.3d at 1016; *United States v. Roberts*, 534 F.3d 560, 572 (7th Cir. 2008); and (3) it is not material – *see Carvajal*, 542 F.3d at 567; *United States v. Knight*, 342 F.3d 697, 706 (7th Cir. 2003).

9. Further, the Defendant Officers had no knowledge of the photo array and cannot be held liable for any failure to disclose. *See Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008)("A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional violations.").

10. Plaintiff's lineup cannot support a due process claim because: (1) there is no evidence to suggest that any of the Defendant Officers intentionally provided suggestions to the witnesses to identify plaintiff; (2) plaintiff's lineup was not unduly suggestive – *see Alexander v. City of South Bend,* 433 F.3d 550 (7th Cir. 2006); *United States v. Traeger*, 289 F.3d 461, 474 (7th Cir. 2002); *United States v. Curry*, 187 F.3d 762 (7th Cir. 1999); *United States v. Funches*, 84

F.3d 249 (7th Cir. 1996); (3) the witnesses' identifications were reliable – *see Johnson v. McCaughtry*, 92 F.3d 585, 596 (7th Cir. 1996); *United States v. Griffin*, 493 F.3d 856, 866 (7th Cir. 2007).

11. As to Count V, in order to prevail in an action for malicious prosecution under Illinois law, a plaintiff must establish the following five elements: (1) defendant commenced or continued either a criminal or civil action against the plaintiff; (2) that action terminated in favor of the plaintiff; (3) defendant lacked probable cause for such a proceeding; (4) the presence of malice; and (5) damages. *Joiner v. Benton Community Bank*, 411 N.E.2d 229, 232 (Ill. 1980).

12. Plaintiff's malicious prosecution claim fails as a matter of law because: (1) probable cause to charge plaintiff existed based on Elaine Boston's identification of plaintiff in a live lineup – *see Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006); *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1219-20 (Ill. App. 2003); (2) once Elaine Boston reliably identified plaintiff, the Defendant Officers were under no further duty to investigate – *see Spiegel v. Cortese*, 196 F.3d 717, 725 (7th Cir. 2000); (3) the Defendant Officers did not commence or continue the prosecution against plaintiff – *see Robinson v. City of Harvey*, 99 C 3696, 1999 WL 617655 (N.D. Ill. 1999).

13. As to Count VI, plaintiff cannot maintain a state law claim for intentional infliction of emotional distress ("IIED") because it is time-barred. *See Illinois Tort Immunity Act*, 745 ILCS 10/8-101 (2004). Further, if the Defendant Officers prevail on plaintiff's malicious prosecution claim, Defendant Officers are entitled to summary judgment on plaintiff's IIED claim as well – *see B.F.G. v. Blackmon*, 08 C 1565, 2008 WL 4888879 (N.D. Ill. 2008).

14. Finally, the Defendant Officers are entitled to qualified immunity regarding any claim that the lineup was unduly suggestive. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

15. In support of this motion, the Defendant Officers have submitted a Rule 56.1 statement of uncontested facts and a memorandum of law in support of this motion.

WHEREFORE, Defendants Kenneth Fligelman, Phillip Mannion and Thomas Whalen respectfully request this Court grant their motion for summary judgment as to plaintiff's due process claim (Count I), malicious prosecution claim (Count V), and intentional infliction of emotional distress claim (Count VI) and grant any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Avi T. Kamionski
One of the Attorneys for Defendant Officers

Andrew M. Hale
Avi T. Kamionski
Eboné A. Liggins
Christina M. Liu
Andrew M. Hale & Associates
53 W. Jackson Blvd., Suite 1800
Chicago, IL 60604
(312) 341-9646
(312) 341-9656 (fax)

4