IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 08 C 773 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| RAYMOND LENZ, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Jerry Miller sues former Chicago Police Department crime lab microanalyst Raymond Lenz under 42 U.S.C. § 1983 (Count I), and brings state law claims for malicious prosecution (Count V) and intentional infliction of emotional distress (Count VI). In 1982, Miller was wrongfully convicted of rape, robbery, and kidnapping; DNA testing exonerated him after his release from prison in 2006. Miller alleges Lenz withheld exculpatory testing of the perpetrator's semen. Miller moves to disqualify Lenz's serology expert Arthur Young. For the reasons set forth below, Miller's motion is denied.

## BACKGROUND

In 1982, Lenz performed absorption-inhibition testing (the dominant conventional serology technique prior to DNA testing) on the perpetrator's semen sample and reported inconclusive findings. Pl. Ex. A: Young Report at 1; Pl. Ex. B: Peter Neufeld (Miller's attorney) Decl. ¶ 25. Miller retained serologist Edward Blake to retest the semen using the same absorption-inhibition method; Blake challenges Lenz's inconclusive findings. Neufeld Decl. ¶ 18. Lenz retained Young to review and replicate the absorption-inhibition testing Lenz

conducted on the original crime scene evidence. Def. Ex. 1: Eileen M. Letts (Lenz's attorney) Aff. ¶¶ 3-4. There are only three laboratories in the United States that are equipped to conduct the absorption-inhibition testing; one is Young's laboratory. Letts Aff. ¶ 5.

Peter Neufeld is Miller's attorney; he is a principal in the law firm of Neufeld Scheck & Brustin LLP in New York and co-founder and director of the Innocence Project at Benjamin Cardozo School of Law. Neufeld Decl. ¶¶ 1-2. The Innocence Project represents hundreds of inmates seeking post-conviction release through DNA testing. Neufeld Decl. ¶ 2. Through the Innocence Project, Neufeld represented Miller in his post-conviction proceedings. Neufeld Decl. ¶ 3. In the spring of 2008, the Innocence Project retained Young to conduct DNA testing in several pending cases; Young's work is ongoing. Neufeld Decl. ¶ 11.

Ellen Yaroshefsky, a clinical law professor and director of the ethics center at Benjamin Cardozo School of Law is of the opinion that Lenz's retention of Young as an expert creates a conflict of interest for Neufeld and his firm. Pl. Ex. C: Yaroshefsky Aff. ¶ 3. A lawyer is prohibited from concurrent representation of clients with adverse interests. L.R. 83.51.7; Ill. R. Prof. Conduct 1.7; N.Y. R. Prof. Conduct 1.7; Yaroshefsky Aff. ¶¶ 17-18. Neufeld's duty of loyalty to Miller to vigorously challenge Young's credibility and scientific ability purportedly conflicts with his duty of loyalty to Innocence Project clients to refrain from undermining Young in their cases. Yaroshefsky Aff. ¶ 3. According to Professor Yaroshefsky, Miller could provide informed consent to waive the conflict, but the Innocence Project victims could not because they are indebted to the Innocence Project. Yaroshefsky Aff. ¶ 23. Withdrawal of Neufeld and his firm as Miller's counsel would undermine Miller's representation because of their longstanding

2

attorney-client relationship and Neufeld's expertise in forensic science. Yaroshefsky Aff. ¶ 24; Neufeld Decl. ¶ 22.

## DISCUSSION

Miller argues Young should be disqualified because of the conflict of interest his retention creates for Neufeld. Miller bases his motion on Fed. R. Evid. 403: He argues Young should be disqualified because Miller would be prejudiced by loss of his attorney, and the probative value of Young's testimony is slight. He contends Rule 403 bars evidence that creates a conflict of interest. *United States v. Gearhart*, 576 F.3d 459 (7th Cir. 2009). *Gearhart* involved disqualification of counsel, not an expert witness. Gearhart's attorney was disqualified after the government proffered testimony from Gearhart's former cellmate. Gearhart's attorney had access to confidential information about the cellmate because the attorney's son and law partner represented the cellmate. *Gearhart*, 576 F.3d at 461-62. In affirming, the Seventh Circuit reasoned the introduction of evidence that would generate a conflict of interest is analyzed under Rule 403's balancing test. *Id.* at 464. The cellmate's testimony was probative of the relationship between Gearhart and his purported co-conspirators, and Gearhart's attorney failed to pursue alternative means of remedying the conflict. *Id.* at 464-65.

The standard for expert witness disqualification is not the same as attorney disqualification because experts are sources of information and opinions, and ideally are not advocates. *BP Amoco Chem. Co. v. Flint Hills Res., LLC*, 500 F. Supp. 2d 957, 960 (N.D. Ill. 2007) (Moran, J.); *Chamberlain Group, Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 653893, at *2 (N.D. Ill. Apr. 19, 2002) (Conlon, J.). To disqualify Young, Miller bears the heavy burden of showing he acted reasonably in assuming the existence of a confidential relationship

3

with Young, and that he exchanged confidential information with Young. *BP Amoco*, 500 F. Supp. 2d at 960; *Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.*, No. 08 C 1083, 2009 WL 249386, at *1 (N.D. Ill. Feb. 2, 2009) (Dow, J.); *Chamberlain Group*, 2002 WL 653893, at *2. The requirement that confidential information be exchanged precludes retention of an expert solely to disable an opponent's use of the same expert. *Chamberlain Group*, 2002 WL 653893, at *3. Disqualification of an expert is a drastic measure that should be taken only when absolutely necessary. *BP Amoco*, 500 F. Supp. 2d at 960; *Bone Care Int'l*, 2009 WL 249386, at *1; *Chamberlain Group*, 2002 WL 653893, at *2.

Miller fails to articulate the existence of a confidential relationship with Young. Indeed, there is no evidence Miller and Young have any relationship. Neufeld attests the Innocence Project hired Young in the spring of 2008 to perform DNA testing in pending cases. Neufeld Decl. ¶ 11. Neufeld's lone statement is insufficient to support a conclusion there is a confidential relationship between Miller and Young. *Rosenthal Collins Group, LLC v. Trading Techs. Int'l, Inc.*, No. 05 C 4088, 2008 WL 4542948, at *1 (N.D. Ill. Aug. 15, 2008) (Moran, J.) (conclusory assertion regarding existence of confidential relationship insufficient to meet burden of establishing disqualification); *Chamberlain Group*, 2002 WL 653893, at *3 (same).

In addition, Miller presents no evidence Neufeld or other Innocence Project attorneys exchanged confidential information with Young. He merely relies on Young's testing for Innocence Project clients. Young's work for the Innocence Project alone does not mandate disqualification. Indeed, an expert may testify against a litigant for whom he previously served as an expert. *See, e.g., Bone Care Int'l*, 2009 WL 249386, at *2-3 (plaintiffs' experts who were experts for defendants in other cases were not disqualified); *Rosenthal Collins Group*, 2008 WL

4

4542948, at *1-2 (plaintiff's expert whom defendant previously consulted in pending litigation was not disqualified); *Chamberlain Group*, 2002 WL 653893, at *2 -5 (plaintiff's expert who was an expert for defendant's predecessor was not disqualified). Young's relationship with Miller is even more attenuated. He has never served as an expert for Miller. There is no evidence Young worked on Miller's case.

Disqualification is only warranted if there is a substantial relationship between confidential information acquired and the matters to which the expert is expected to testify. *Chamberlain Group*, 2002 WL 653893, at *4. An expert may be disqualified on conflict of interest grounds when he "switches sides" in the same litigation. *Bone Care Int'l*, 2009 WL 249386, at *2. Young's expected testimony involves the absorption-inhibition testing of the perpetrator's semen. In contrast, Neufeld attests the Innocence Project retained Young for DNA testing. Neufeld Decl. ¶ 11. DNA testing is not pivotal in this case. No one disputes that DNA testing ultimately exonerated Miller. Rather, Miller challenges Lenz's absorption-inhibition testing of the perpetrator's semen, and contends Lenz withheld exculpatory test results. Miller fails to establish a confidential relationship with Young, or that confidential information was exchanged with Young.

Miller argues he would be prejudiced by Neufeld's withdrawal. The interest in protecting and preserving the integrity and fairness of judicial proceedings may be balanced with the expert's ability to pursue his profession and the party's ability to select his own expert. *Bone Care Int'l*, 2009 WL 249386, at *1; *Chamberlain Group*, 2002 WL 653893, at *4. Miller argues Neufeld will be required to withdraw as his attorney if Young is not disqualified because Miller and Neufeld's Innocence Project clients have adverse interests. L.R. 83.51.7; Ill. R. Prof.

5

Conduct 1.7; N.Y. R. Prof. Conduct 1.7. Possible adverse interests are not established by the record. Young's expected testimony involves absorption-inhibition testing; in contrast, the Innocence Project retained Young for DNA testing.

Miller concedes there is no evidence Lenz intended to create a conflict and force Neufeld's withdrawal. Neufeld Decl. ¶ 29. Nevertheless, Miller contends Lenz's attorney should have investigated Young's pending work with the Innocence Project, and Lenz should bear the burden of finding a new expert. Miller points out that, in addition to Young, Lenz retained Gary Harmor of the Serological Research Institute. Neufeld Decl. ¶ 30. Lenz's attorney attests Young was retained to review and replicate the absorption-inhibition testing Lenz conducted on the original crime scene evidence. Letts Aff. ¶¶ 3-4. There are only three laboratories in the United States equipped to conduct the absorption-inhibition testing; one is Young's laboratory. Letts Aff. ¶ 5. Neufeld responds Lenz has made the strategic decision not to conduct his own testing, and there are at least a dozen experts on absorption-inhibition testing. Neufeld Aff. ¶ 31.

Litigants have the right to select their own experts. *Bone Care Int'l*, 2009 WL 249386, at *1. Miller has not shown he reasonably assumed the existence of a confidential relationship with Young, or that he exchanged confidential information with Young. Miller has not met his burden of establishing Young should be disqualified.

ENTER:

Suzanne B. Conlon
United States District Judge

October 2, 2009